Filed 5/1/13  P. v. Brown CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B244009 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA381563) |
| v. | |
| MARQUIS DEMARKO BROWN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Anne H. Egerton, Judge.  Affirmed.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In September 2011, Marquis Demarko Brown was charged in an amended information with attempted willful, deliberate and premeditated murder of Dion Lafitte Dorsey (Pen. Code, §§ 187, subd. (a), 664; count 1),[1] assault with a firearm (§ 245, subd. (a)(2); count 2) and possession of a deadly weapon (short barreled shotgun) (former § 12020, subd. (a)(1) repealed by Stats. 2010, ch. 711, § 4; see now as §§ 22010 and 22015; count 4). As to count 1, the information specially alleged Brown had personally used a firearm within the meaning of section 12022.53, subdivisions (b), (c) and (d) and had personally inflicted great bodily injury within the meaning of section 12022.7, subdivision (a) in committing the offense.

In December 2011, Brown, represented by appointed counsel, waived his constitutional rights to a jury trial and entered a negotiated plea of no contest to attempted murder, with admissions he had personally used a firearm within the meaning of section 12022.5, subdivision (a), and he had personally inflicted great bodily injury in committing the offense. In accordance with the plea agreement, the trial court sentenced Brown to an aggregate state prison term of 12 years, consisting of the lower term of five years for attempted murder, plus four years for the firearm use enhancement and three years for the great bodily injury enhancement. The remaining charges were dismissed on the People's motion. Brown was awarded a total of 300 days of presentence credit (261 actual days and 39 days of conduct credit).

The court ordered Brown to pay a $40 court security fee, a $30 criminal conviction assessment, and a $200 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45. The court then set a restitution hearing pursuant to section 1202.4, subdivision (f), for which Brown waived his appearance.

The record of the July 31, 2012 restitution hearing reflects the Victim Compensation Claim Board paid the victim, Dion Lafitte Dorsey, $16,683.68, consisting of $177 for lost income and $16,506.68 for medical bills. The court rejected the defense

---

[1] Statutory references are to the Penal Code.

assertion the expenses were not necessarily directly related to Brown's criminal conduct, finding the defense had failed to meet its burden to disprove the amount of loss claimed by the victim. The court ordered Brown to reimburse the Board in the amount of $16,506.68, plus 10 percent interest from the date of sentencing. (§ 1202.4, subd. (f)(4)(A).) Brown timely appealed from this order.

We appointed counsel to represent Brown on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On December 7, 2012, we advised Brown he had 30 days in which to personally submit any contentions or issues he wished us to consider. After granting Brown one extension, we have received no response to date.

We have examined the record and are satisfied Brown's attorney has fully complied with the responsibilities of counsel, and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.) The trial court did not abuse its discretion in determining the amount of victim restitution. (*People v. Baker* (2005) 126 Cal.App.4th 463, 468-469; *People v. Fulton* (2003) 109 Cal.App.4th 876, 886.)

The restitution order is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**

3